# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CORINTHIAN COLLEGES, INC., | ) |
|       Petitioner, | ) ) ) |
| vs. | ) ) Case No. 09 C 4899 |
| SHERI McCAGUE, on behalf of herself and all others similarly situated, | ) ) ) ) |
|       Respondent. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Pursuant to an arbitration agreement, Sheri McCague made a demand for arbitration on behalf of herself and others similarly situated, claiming that Corinthian Colleges made misrepresentations in connection with her enrollment in a dental assistant program. On May 11, 2009, an arbitrator issued a "partial final clause construction award" in which he found that the arbitration agreement permits class arbitration. The arbitrator has not yet decided, however, whether to actually certify a class. The case is before the Court on Corinthian's petition to vacate the partial final clause construction award. For the reasons stated below, the Court dismisses the petition as unripe.

## Facts

In June 2008, McCague filed a demand for arbitration pursuant to the arbitration agreement that she signed as a condition of her enrollment with Corinthian. She alleged that Corinthian misrepresented that its dental program was accredited,

completing the curriculum would allow a student to become an extended function dental assistant, and upon completing the dental program, a student would be certified under the Health Insurance Portability and Accountability Act (HIPAA). McCague filed her demand on behalf of herself and all others similarly situated.

The arbitration agreement states that "[b]oth the student and the institution irrevocably agree that any dispute between them shall be submitted to Arbitration." It makes no reference one way or the other to the possibility of arbitration on a classwide basis. Pet. Ex. A at 5. McCague read the agreement's silence on this point to permit class arbitration, while Corinthian read it to preclude class arbitration.

On May 11, 2009, the arbitrator issued a "partial final clause construction award" in which he addressed whether the arbitration agreement permits the arbitration to proceed on behalf of a class. Pet. Ex. B. The arbitrator started out with American Arbitration Association (AAA) Supplementary Rule 3, which states, "[u]pon appointment, the arbitrator shall determine as a threshold matter, in a reasoned, partial final award on the construction of the arbitration clause, whether applicable arbitration clause permits the arbitration to proceed on behalf of or against a class." *Id.* at 3. The arbitrator stated that under *Green Tree Financial Corp. v. Bazzle*, 593 U.S. 444, 452 (2003), the question of "what kind of arbitration the parties agreed to," specifically whether the arbitration agreement allows class arbitration, is a decision for the arbitrator. *Id.* The arbitrator engaged in an extended analysis of Illinois law, which both sides had cited, and concluded that the agreement between McCague and Corinthian permits the arbitration to proceed on a class basis. *Id.* at 6-10. The arbitrator did not actually certify a class; he left that for later proceedings.

2

On August 10, 2009, Corinthian filed a petition with this Court to vacate the partial final clause construction award.

## Discussion

"Judicial review of arbitration awards is extremely limited." *Johnson Controls, Inc. Systems & Servs. Div. v. United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Ind. of U.S. & Canada, AFL-CIO*, 39 F.3d 821, 824 (7th Cir. 1994). A court may vacate an arbitration award, however, "where the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4). A court will not enforce an award that is "clearly beyond the arbitrator's power" but will not "overturn an award [simply] because [it] disagrees with the decision's legal or factual basis." *Carpenter Local No. 1027, Mill Cabinet-Indus. v. Lee Lumber & Bldg. Material Corp.*, 2 F.3d 796, 798 (7th Cir. 1993).

**1. Timely service of notice**

In opposing Corinthian's petition, McCague argues that Corinthian failed to timely serve her or her counsel notice of the motion to vacate. Under the FAA, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12.

The arbitrator's partial final clause construction award was delivered electronically to the parties on May 13, 2009. Under 9 U.S.C. § 12, Corinthian had until August 13, 2009 to serve notice on McCague or her counsel of its motion to vacate. On August 11, 2009, Corinthian's counsel e-mailed the petition to the AAA and included a cover letter providing notice of the filing. Corinthian copied McCague's counsel on this e-mail. Resp. Ex. B. On August 12, 2009, Corinthian's counsel e-mailed McCague's counsel a notice of electronic filing confirming the filing of the petition in this Court.

3

Resp. Ex. C.

Because McCague's counsel had consented to electronic service in the AAA arbitration proceeding, Corinthian's notice was timely. The Court rejects McCague's contrary argument.

**2. Ripeness**

McCague also seeks dismissal of the petition on the ground that it was filed prematurely and the issues it presents are not ripe for judicial determination. In support, McCague relies primarily on *Dealer Computer Servs., Inc. v. Dub Herring Ford*, 547 F.3d 558 (6th Cir. 2008). In *Dealer Computer Services*, an arbitrator found that an arbitration agreement's silence permitted the claimants to proceed as a class, and the plaintiff (the defendant in the arbitration) petitioned to vacate the decision. The defendant argued that the matter was not ripe for judicial determination.

The Sixth Circuit considered three factors in determining whether the matter was ripe for adjudication: "(1) the likelihood that the harm alleged by the party will ever come to pass; (2) the hardship to the parties if judicial relief is denied at this stage in the proceedings; and (3) whether the factual record is sufficiently developed to produce a fair adjudication on the merits." *Id*. at 561. The court held that the matter was not yet ripe for judicial review because it failed the first and second factors. The arbitration panel had found that class arbitration was not precluded but had not yet determined that the arbitration should proceed as a class arbitration. Because AAA Supplementary Rule 4 – which requires the party seeking class certification to meet the requirements of Federal Rule of Civil Procedure 23 plus additional requirements – presents significant hurdles to class arbitration, it was "far from certain" that a class actually would be

4

certified. *Id*. at 561-62. The court also noted that under AAA Supplementary Rule 5(d), an arbitration panel must stay proceedings for at least thirty days if it actually certifies a class, to allow the opposing party to seek relief in a court of competent jurisdiction. *Id*. at 562. This, the court noted, would allow a party "to contest an unfavorable decision on class certification in court before commencement of class arbitration." *Id*. As a result, the court concluded, the party opposing class certification would suffer no material hardship if judicial review of the preliminary determination was withheld. *Id.* at 562-63.

The Seventh Circuit has never directly considered a similar issue. Corinthian argues that the matter is ripe because there is a justiciable controversy; it argues that "[t]o force the School to arbitrate as a class where there is no agreement to do so is a real and immediate harm in of itself and alone satisfies any ripeness analysis." Reply at 7. This is a considerable overstatement. The arbitrator's decision does not "force the School to arbitrate as a class." Rather, it simply permits McCague to seek class certification.

Though there is no question that the parties have an actual controversy over whether the arbitration clause permits class arbitration, section 10(a) of the FAA permits judicial review only of an arbitration "award." 9 U.S.C. § 10(a). Finality is required before judicial review is appropriate. *See generally Yasuda Fire & Marine Ins. Co. of Europe, Ltd. v. Continental Cas. Co.*, 37 F.3d 345, 347-48 (7th Cir. 1994).

The arbitrator in this case called his preliminary determination a "partial final clause construction award," but "[t]he content of [an arbitrator's decision] – not its nomenclature – determines finality." *Publicis Comm. v. True North Comms., Inc.*, 206 F.3d 725, 728 (7th Cir. 2000). A reviewing court must "delve into [an arbitration

5

award's] substance and impact to determine whether the decision is final" under the FAA. *Id*. at 729.

In *Publicis*, the court found that an arbitrator's order for one party to provide tax records to the other was sufficiently final to be reviewable in court. The court noted that the arbitrator had provided a deadline for compliance with the order. The court determined that the order was not "an early step moving toward the end result," or "just some procedural matter," but rather it was "the whole ball of wax." *Id*. at 729. Similarly, in *Smart v. Int'l Brotherhood of Electrical Workers, Local 702*, 315 F.3d 721 (7th Cir. 2002), the court held that an arbitrator's award compelling petitioner to pay contributions to the union's welfare fund was sufficiently final to be reviewable. The court noted that there is no statute that "tells the courts when an arbitration award is ripe for judicial enforcement or review," and that "courts are naturally reluctant to invite a judicial proceeding every time an arbitrator sneezes." *Id*. at 725. The court stated that "if the arbitrator himself thinks he's through with the case, then his award is final and appealable." *Id*. The court found that the award was final and appealable because it was "clear that the arbitrators had finished their assignment." *Id*. at 726.

The same is not true in this case. The arbitrator has determined that the agreement permits class arbitration, but he has not certified a class. Thus it remains open to question whether the matter actually will proceed as a class arbitration. Further proceedings plainly are required. And as noted earlier, if arbitrator determines to certify a class, Corinthian will be entitled to a stay under AAA rules so that it can seek a judicial order vacating class certification. Thus, unlike the arbitration order in *Publicis*, the "partial final clause construction award" is not "the whole ball of wax." *Publicis*, 206

F.3d at 729. Rather, it is "an early step moving toward the end result." *Id*.

**Conclusion**

For these reasons, the Court determines that the matter is not ripe for adjudication. The Clerk is directed to enter judgment dismissing the case without prejudice, for lack of subject matter jurisdiction. Corinthian may seek reinstatement of the case if and when the arbitrator decides to certify a class.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: March 4, 2010